The undersigned have reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Mary Hoag. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's ORDER and enters the following Order.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. This matter involves a compensable back injury that plaintiff suffered by accident on January 4, 1994. Plaintiff filed a Form 33 Request for Hearing on August 4, 1994.
2. By the time this case was set for hearing before Deputy Commissioner Mary Hoag on May 24, 1995, the matter in controversy as set forth on the Form 33 appears to have been resolved, as it was not listed as an issue on the Pre-Trial Agreement. However, in the Pre-Trial Agreement signed by both parties, plaintiff and defendant set out issues to be heard by the Court.
3. At the time Deputy Commissioner Mary Hoag heard this case in Wilkesboro, due to some unexpected emergency defendant's counsel was almost three hours late. Upon defendant's counsel's arrival the Court began to proceed with the case.
4. As the case began defendant's counsel raised the question of, "What is the issue before us today" to the Court.
5. Deputy Commissioner Hoag at that point stopped the proceedings and began to inquire of plaintiff's counsel about the issue(s) before the Court.
6. Upon further questioning of plaintiff's counsel by Deputy Commissioner Mary Hoag, she determined that there were no issues to be heard at that time.
7. On July 17, 1995 Deputy Commissioner Mary Hoag entered an Order finding that a hearing should not have been initiated and that no justiciable issue existed before the Court. Deputy Commissioner Hoag granted defendant's motion to dismiss and for attorney's fees. Deputy Commissioner Hoag further awarded attorney's fees to defendant in the amount of $600.00 to be paid by plaintiff.
8. The Full Commission finds that based upon the entire record including the stipulated Pre-trial Agreement, both parties had reasonable grounds to appear before Deputy Commissioner Hoag. The case was calendared for hearing by the Deputy Commissioner; plaintiff has an admittedly compensable injury and no final award of compensation has been paid; and, the parties both identified issues to be heard in the Pre-Trial Agreement dated May 11, 1995.
9. The Full Commission further finds that the assessment of $600.00 against plaintiff's counsel should be vacated.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Order of Deputy Commission Hoag filed July 17, 1995 to dismiss plaintiff's appeal should be VACATED.
2. Deputy Commissioner Hoag's Order awarding attorney's fees in the amount of $600.00 to defendant's counsel should be VACATED.
3. This case should be removed from the Industrial Commission hearing docket until either party to this action files a new Form 33 setting forth issues to be heard.
* * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. The Order of Deputy Commission Mary Hoag filed herein on July 17, 1995 is VACATED and defendant's Motion to Dismiss and Motion for Attorney's Fees are DENIED.
2. This case is removed from the Industrial Commission hearing docket until a Form 33 Request for Hearing has been filed by either party.
3. No costs are assessed at this time.
FOR THE FULL COMMISSION
 S/ __________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
(see dissent below)
S/ ________________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 1/4/96